**Maria Patricia (Franco) SUAREZ, Appellant–Petitioner,**

v.

**STATE of Indiana, Appellee–Respondent.**

No. 02A05–1008–PC–508.

Court of Appeals of Indiana.

May 10, 2011.

## OPINION

KIRSCH, Judge.

By interlocutory appeal, Maria Patricia (Franco) Suarez ("Suarez") challenges the post-conviction ("PCR") court's denial of her request for a complete record of her guilty plea hearing, including the Spanish language portions of the hearing. She contends that the PCR court erred in this denial because it undermined her ability to pursue an effective petition for PCR and was contrary to Indiana law.

We reverse.

## FACTS AND PROCEDURAL HISTORY

On December 18, 2006, Suarez pleaded guilty to Class A misdemeanor criminal conversion at her initial hearing through the aid of an interpreter that translated the proceedings from English to Spanish and vice versa. She was not represented by counsel. Following her guilty plea, Suarez was sentenced to 365 days, which were suspended, and was ordered to serve one year of supervised probation. In October 2009, Suarez requested and received a copy of the transcript of the guilty plea hearing. The transcript contained only the part of the proceeding that was conducted in English. Based on this information, Suarez filed a petition for PCR in November 2009, alleging that her guilty plea was not made knowingly, intentionally, and voluntarily.

On February 1, 2010, Suarez's counsel, who was a native Spanish speaker, was granted permission to listen to the recording of the guilty plea hearing. Based on irregularities that counsel heard in the translation by the interpreter, Suarez filed a request for a copy of the recording itself, which the PCR court denied. On March 24, 2010, Suarez filed a more detailed request, explaining that an improper translation had been detected and that she wanted "to engage an independent court-certified translator to translate the portions of the proceedings, which were conducted in Spanish and which are the subject of legal concern for the purpose of determining whether additional grounds of the PCR exist. . . ." *Appellant's App.* at 126. The State indicated that it did not object to Suarez's request. The PCR court granted the request with the understanding that a State-certified interpreter would be used for the translation and stated it would "check with the administrative Judge for the criminal division of the Allen Superior Court to verify" how to procedurally accomplish the request. *Apr. 12, 2010 Tr.* at 8.

At the next status hearing, the PCR court reversed its ruling and indicated that the previously-provided English-only transcript was the only transcript available. *June 14, 2010 Tr.* at 2. The court also informed the parties that the recording of the hearing was not available to be listened to and that a translation of the Spanish portions was not going to be provided by the PCR court. *Id.* at 3. The court denied the State's suggestion that a copy of the hearing be obtained by the parties for translation, as well as the suggestion that the parties bring an interpreter into open court under supervised conditions to listen to the recording. *Id.* at 5–6. The PCR court further indicated that there was nothing that "demands that the Court provide in the transcript of the proceedings both English and interpretations that have then again been interpreted into English." *Id.* at 6–7. It also told the parties that it was not "an appropriate concession" to have allowed Suarez's counsel to listen to the recording and that the "purpose of the transcript is that what is typed by the [c]ourt [r]eporter is the contents of the Court's record in forms for

counsel to review." *Id.* at 8. Suarez now files this interlocutory appeal.

## DISCUSSION AND DECISION

Suarez argues, and the State agrees, that the PCR court erred when it denied her request for access to the Spanish/English translation portion of her guilty plea hearing. Our standard of review in discovery matters is abuse of discretion. *Williams v. State,* 819 N.E.2d 381, 384 (Ind.Ct.App.2004), *trans. denied* (2005). Thus, we will reverse only where the trial court has reached an erroneous conclusion which is clearly against the logic and effect of the facts of the case. *Id.* We agree with both of the parties that the trial court abused its discretion.

Here, because Suarez's counsel had detected an irregularity in the translation between Suarez and the interpreter, she sought to obtain a copy of the recording of the hearing to have an independent State-certified interpreter translate the Spanish portions of the hearing which were of legal concern. The State did not object to the request, and the PCR court granted the request, only to reverse this ruling at the next status hearing. The PCR court seemed to base this denial on the fact that it had already provided a transcript of the English portion of the hearing and that was all the court was required to do. *June 14, 2010 Tr.* at 2–8.

Pursuant to Indiana Post–Conviction Rule 1(5), "[a]ll rules and statutes applicable in civil proceedings including pre-trial and discovery procedures are available to the parties. . . ." Under Indiana Trial Rule 26(B)(1), "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject-matter involved in the pending action. . . ." In her request, Suarez indicated that her counsel had listened to the recording of the hearing and observed that the "translator did not com-

pletely convey and translate to the Court responses from [Suarez]." *Appellant's App.* at 126. Her counsel also indicated that dialogue between Suarez and the interpreter during the hearing was not translated into English for the court. *Id.* at 136. Suarez sought a copy of the recording or an independent translation to determine whether this information provided more support for her PCR petition. Suarez therefore met her burden of showing that the Spanish portion of the guilty plea hearing was relevant to her PCR petition.

Indiana Criminal Rule 5 requires the electronic recording of any and all oral evidence and testimony in criminal proceedings. Criminal Rule 10 requires that all guilty plea proceedings be electronically recorded. Under the criminal rules and from the record of the PCR proceedings, the electronic recording of Suarez's guilty plea hearing was in the court's possession and available to the parties to listen to and review.

There was no assertion by either party that either the Spanish portions of the guilty plea hearing, or the proceeding itself, was privileged or confidential in any way. Under Indiana Administrative Rule 9(D), the guilty plea hearing was a public court record that should be available to Suarez. Therefore, we agree with both parties and conclude that the PCR court abused its discretion when it denied Suarez's request to have access to the electronic recording of her guilty plea hearing, whether by providing a copy of the recording or allowing access under court supervision.

Reversed.

MATHIAS, J., and VAIDIK, J., concur.